BEFORE THE SECOND DIVISION, MAY 12, 1955

**No. 59053.**—Harold Dessau, Inc. v. United States, protest 234725–K (New York)

Opinion by LAWRENCE, J.   From an examination of the papers in this case, the court found nothing therein which tended in any way to overcome the presumption of correctness attaching to the decision of the collector.   The protest was therefore overruled.

**No. 59054.**—D. C. Andrews & Company, Inc. v. United States, protest 242019–K (New York).

Opinion by LAWRENCE, J.   From an examination of the papers in this case, the court found nothing therein which tended in any way to overcome the presumption of correctness attaching to the decision of the collector.   The protest was therefore overruled.

**No. 59055.**—Haven Saw & Tool Co. and Joseph A. Paredes & Co. v. United States, protest 228855–K (San Francisco).

Opinion by RAO, J.   In accordance with stipulation of counsel that the items of the merchandise marked "A" consist of internal-combustion engines similar in all material respects to the articles involved in Geo. S. Bush & Co., Inc. v. United States (41 C. C. P. A. 33, C. A. D. 525), the claim of the plaintiffs was sustained. It was held that the value of the items involved is the percentage of the appraised value of said power saws, as noted in green ink.on the invoices by the examiner.

**No. 59056.**—Quon Quon Company v. United States, protest 228977–K (Los Angeles).

Opinion by RAO, J.   In accordance with stipulation of counsel that the merchandise consists of floor coverings, composed wholly or in chief value of rush and not of grass or of rice straw, the same in all material respects as those the subject of Abstracts 57889 and 57890, the claim of the plaintiff was sustained.

**No. 59057.**—Getz Bros. & Co. and Castelazo & Associates et al. v. United States, protests 234140–K, etc. (Los Angeles).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of floor coverings, composed wholly or in chief value of rush and not of grass or of rice straw, which do not have a felt base, the same in all material respects as those the subject of Abstracts 57889 and 57890, the claim of the plaintiffs was sustained.

**No. 59058.**—China Dry Goods Co. and Frank P. Dow Co., Inc., et al. *v.* United States, protests 237217–K, etc. (San Francisco).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of floor coverings, composed wholly or in chief value of rush and not of grass or of rice straw, which do not have a felt base, the same in all material respects as those the subject of Abstracts 57889 and 57890, the claim of the plaintiffs was sustained.

**No. 59059.**—D. C. Andrews & Company, Inc. *v.* United States, protests 241759–K and 241760–K (New York).

Opinion by RAO, J. An examination of the official record disclosing no reason for disturbing the presumptively correct classification of the merchandise made by the collector, the protests were overruled.

**No. 59060.**—Concord Shear Co. *v.* United States, protest 244393–K (New York).

Opinion by RAO, J. An examination of the official record disclosing no reason for disturbing the presumptively correct classification of the merchandise made by the collector, the protest was overruled.

BEFORE THE THIRD DIVISION, MAY 12, 1955

**No. 59061.**—H. A. Gogarty, Inc. *v.* United States, protests 247200–K and 247473–K (New York).

Opinion by JOHNSON, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protests were overruled.

**No. 59062.**—Alintex, Inc. *v.* United States, protests 247428–K and 248327–K (New York).

Opinion by JOHNSON, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protests were overruled.

**No. 59063.**—Aero Sea Shipping Corporation *v.* United States, protest 247443–K (New York).